UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>METROPOLITAN MORTGAGE &<br>SECURITIES CO., INC.,<br><br>        Debtor.<br>_____<br>In re:<br><br>SUMMIT SECURITIES, INC.,<br><br>        Debtor.<br>_____<br>MAGGIE Y. LYONS, TRUSTEE FOR<br>METROPOLITAN CREDITORS' TRUST,<br><br>        Plaintiff,<br>  vs.<br><br>C. PAUL SANDIFUR, JR., et al.,<br><br>        Defendants.<br>_____ | Jointly administered under<br>Case No. 04-00757-W11<br><br><br><br><br><br><br><br><br><br><br>Adv. No. 07-80094-PCW<br><br><br>MEMORANDUM DECISION RE:<br>DEFENDANT SANDIFUR'S<br>MOTION FOR SUMMARY<br>JUDGMENT |

**<u>FACTS</u>**

Plaintiff Maggie Y. Lyons ("Plaintiff") is the Plan Administrator and Trustee of The Metropolitan Creditors' Trust, which is the successor-in-interest to Metropolitan Mortgage & Securities Co., Inc. ("Metropolitan"). On August 10, 2007, Plaintiff filed this adversary against Defendant C. Paul Sandifur, Jr. ("Defendant Sandifur"), individually, the C. Paul and J. Evelyn Sandifur, Sr. Irrevocable Trust ("the Trust"), and against Defendant Sandifur as Trustee of the Trust. The Complaint contains two causes of action: (1) Avoidance and Recovery of Avoidable Transfers under 11 U.S.C. § 548 and

MEMORANDUM DECISION . . . - 1

(2) Recovery of Unlawful Dividend Payments under RCW 23B.06.400 and 11 U.S.C. § 108. Essentially, the first cause of action under § 548 of the Bankruptcy Code is a federal action to recover voidable transfers made within one year of Metropolitan's commencement of a bankruptcy proceeding, and the second cause of action is a state law action for Defendant Sandifur's breach of duty as a director of Metropolitan. The Motion before this Court seeks dismissal of certain claims of Plaintiff as a matter of law with prejudice.

## THE FIRST CAUSE OF ACTION

### 1. Defendant Sandifur, Individually

The Complaint seeks recovery based upon 11 U.S.C. § 548 against Defendant Sandifur, individually, as recipient of transfers made to him as a beneficiary of the Trust and transfers made to him as an owner of the common stock which gave rise to the dividends. Any individual liability of Defendant Sandifur under § 548 is not at issue in this motion.

### 2. The Trust and Defendant Sandifur, as Trustee

The first cause of action based on § 548 also seeks recovery from Defendant Sandifur, as Trustee of the Trust, for distributions not only to Defendant Sandifur as beneficiary of the Trust, but to other beneficiaries. The enactment of § 548(a) applicable to this case, allows a debtor-in-possession or trustee to avoid transfers within one year of the petition date if (1) the debtor received less than a reasonably equivalent value in exchange for the transfer; (2) the debtor was (i) insolvent or became insolvent as a result of the transfer, (ii) was left with an unreasonably small amount of capital as a result of the transfer; or (iii) knew that it would be unable to pay the debts resulting from the transfer. 11 U.S.C. § 548(a)(1).

While § 548 outlines the types of transfers that can be avoided, § 550 discusses the liability of the transferee of an avoidable transfer. "Under [Section] 550(a), the trustee's right to recover from an initial transferee is absolute." In re Incomnet, Inc., 463 F.3d 1064, 1069 (9th Cir. 2006) (internal quotations omitted). Whether a party is considered an "initial transferee" is determined under the "dominion test." Id. at 1069-70. Under the dominion test, an initial transferee is one who has dominion over the money or other asset and the right to put the money to its own purposes. Id. at 1070. "The inquiry focuses on whether an entity had legal authority over the money and the right to use the money

MEMORANDUM DECISION . . . - 2

however it wished." Id. (citing In re Cohen, 300 F.3d 1097, 1102 (9th Cir. 2002)).

In other words, the legal owner is generally liable under § 548. The dominion test applies to situations in which an entity has legal title as a formal matter but does not have any discretion in the use of the funds. If the initial recipient has no discretion over the use of the funds transferred to it, the initial recipient is a mere conduit for the beneficial owner of the funds. As a result, the conduit is not an initial transferee under § 550.

In this case, the evidence does not indicate whether legal title to the shares of stock is held by the Trust or by each beneficiary. However, Plaintiff alleges that Defendant Sandifur is the beneficial owner of the shares of stock, which gave rise to the dividends paid to him as a beneficiary of the Trust. In the prior adversaries against Sarah Quinn and William Sandifur, Plaintiff alleged that Sarah Quinn and William Sandifur or the Trust were the record or beneficial owner of the Metropolitan shares of stock, which gave rise to the dividends paid to Sarah Quinn and William Sandifur. Even if legal title to the shares of stock was held by the Trust, no cause of action against it could be successful. Assuming the Trust was a "transferee," as that term is used in §§ 548 and 550, and assuming that the Trust held legal title to the shares of stock, it would have acted as a mere conduit under the Ninth Circuit dominion test. The Trust was created by C. Paul and J. Evelyn Sandifur, husband and wife, for the benefit of their three children: Sarah Quinn, William Sandifur and Defendant Sandifur. The apparent purpose of the Trust was to distribute certain assets to the three beneficiaries.

Metropolitan's payments were sent directly to the named beneficiary and were made payable to: "C. Paul & J. Evelyn Sandifur, Sr. Irrevocable Trust FBO (named beneficiary)." The transfers were in the form of checks, which were in the name of the specific beneficiary; were negotiated by the specific beneficiary; and on their face stated they were payable for the benefit of ("FBO") the specific beneficiary. Each transfer was listed in the prior complaints and in this complaint as "FBO" the specific beneficiary. Plaintiff's statement of facts regarding this motion states that the payments were made either directly to Sarah Quinn, William Sandifur, or Defendant Sandifur or through the Trust "FBO" each specific beneficiary. The transfers were undoubtedly for the benefit of the specific beneficiary and not for the benefit of the Trust. There is no evidence that the Trust ever processed or exercised any control of the checks. As a result, neither the Trust nor Defendant Sandifur, as Trustee, had dominion

MEMORANDUM DECISION . . . - 3

over the payments nor were they free to use the money as either wished. Therefore, neither the Trust nor Defendant Sandifur, as Trustee, were an initial transferee of the payments made by Metropolitan to the Trust.

In sum, Plaintiff cannot sue the Trust nor Defendant Sandifur, as Trustee, because neither the Trust nor Defendant Sandifur, as Trustee, were an initial transferee or, indeed, any type of transferee. Under § 550, Plaintiff can only sue the recipients of the transfers or any immediate or mediate transferee of the recipients. 11 U.S.C. § 550(a). Therefore, Plaintiff fails to state a cause of action against either the Trust or Defendant Sandifur, as Trustee. All claims against the Trust and Defendant Sandifur, as Trustee, are dismissed with prejudice.

## THE SECOND CAUSE OF ACTION

In addition to the transfers received by Defendant Sandifur, which are the subject of the first cause of action, Plaintiff seeks under the second cause of action to recover from Defendant Sandifur, individually, the amount of transfers made to non-parties. The second claim is based on RCW 23B.06.400 and 23B.08.010, which render directors of a corporation personally liable, under certain conditions, for repayment of dividends made while a corporation is insolvent. Plaintiff seeks to recover from Defendant Sandifur certain common stock dividends distributed during the two years preceding the bankruptcy petition date.

On January 31, 2006, both Metropolitan and Summit Securities filed adversary complaints against Sarah Quinn, William Sandifur, and Sandifur Holdings ("the LLC"). The complaints asserted four causes of action: (1) Avoidance and Recovery of Unlawful Shareholder Distributions; (2) Avoidance and Recovery of Avoidable Transfers Made in Violations of Applicable State Law; (3) Avoidance and Recovery of Avoidable Transfers; and, as to Sarah Quinn and William Sandifur, (4) Disallowance of Claims. Essentially, each of the defendants was sued because they had received stock dividends from either Metropolitan or Summit Securities. The amount sought to be recovered from Sarah Quinn in adversary No. A06-80028 included the $62,444.50 she received as beneficiary of the Trust, which is at issue in the current adversary, and included other transfers as well. The amount sought to be recovered from William Sandifur in adversary No. A06-80029 included the $62,444.50 he received as beneficiary of the Trust, which is at issue in the current adversary, and included other

MEMORANDUM DECISION . . . - 4

transfers as well. The amount sought to be recovered from the LLC in adversary No. A06-80030 was the $24,000, which is at issue in the current adversary. In the prior adversaries this court dismissed the first two causes of action based on state law on August, 8, 2006. Thereafter, all of the parties entered into settlement agreements and the remaining causes of action were dismissed with prejudice. Defendant Sandifur now argues that the events in the prior adversaries preclude recovery from him pursuant to the second cause of action in this adversary.[1]

The causes of action dismissed in the prior adversaries arose under RCW 23B.06.400 (the same as the second cause of action in this adversary, albeit against different defendants) and RCW 19.40. On summary judgment in the prior adversaries, this court dismissed the cause of action under RCW 19.40 against the named defendants because it had submerged into or was superceded by the cause of action contained in RCW 23B.06.400. The cause of action under RCW 23B.06.400 in the prior adversaries was dismissed because certain conditions for liability under that statute were not satisfied. Specifically, Plaintiff had introduced no evidence that any of the named defendants in the prior adversaries were directors of the corporations or had any knowledge that the stock dividend distributions would render the corporations insolvent. After the summary judgment ruling, the remaining causes of action were resolved by settlement. The settlement of adversary No. 06-80028 naming Sarah Quinn as defendant was settled by defendant's payment of $135,414.90. The settlement of adversary No. 06-80030 naming the LLC was settled by defendant's payment of $7,500. The settlement of adversary No. 06-80029 naming William Sandifur as defendant was settled by the defendant's payment of $114,585.

Here, Defendant Sandifur argues that the amounts sought to be recovered, which related to stock dividends paid to Sarah Quinn ($62,444) and William Sandifur ($62,444) and the LLC ($24,000), cannot be recovered due to claim preclusion or issue preclusion.[2]

---

[1] Questions of fact exist whether the conditions for liability under RCW 23B.06.400 can be met in this adversary, but defendant's motion asks this court to determine that, even assuming such conditions are met, recovery is not available.

[2] As the Trust has been dismissed from the current adversary, this renders moot the contention that the Trust was a necessary party to the prior adversaries.

MEMORANDUM DECISION . . . - 5

**Claim/Issue Preclusion**

Under the second cause of action, Plaintiff seeks to recover from Defendant Sandifur as a director of Metropolitan. In response, Defendant Sandifur asserts that Plaintiff is barred from recovery for three reasons. Firstly, Defendant Sandifur argues that he was a necessary party to the prior litigation between Plaintiff and Sarah Quinn, William Sandifur, and the LLC. Defendant Sandifur argues that failure to join him precludes Plaintiff from recovering from him in this adversary. Secondly, Defendant Sandifur claims that Plaintiff is precluded from bringing the present action under the doctrine of claim or issue preclusion. Thirdly, Defendant Sandifur claims that Plaintiff's Complaint should be dismissed under the doctrine of accord and satisfaction.

Plaintiff is suing Defendant Sandifur for $487,308, including $148,889 sought in the prior litigation against Sarah Quinn, William Sandifur, and the LLC. Defendant Sandifur asserts that this court should dismiss the second cause of action to the extent it seeks recovery of the $148,889.

Claim preclusion "bars all grounds for recovery which could have been asserted, whether they were or not," if the following elements are satisfied: (1) an identity of claims, (2) a final judgment on the merits, and (3) an identity or privity between the parties. Davis Wright & Jones v. National Union Fire Ins. Co. of Pittsburgh, Pa., 709 F. Supp. 196, 198 (W.D. Wash. 1989) (citing Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 323-24 (1971)); Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001).

As to issue preclusion, "[a] party invoking issue preclusion must show: (1) the issue at stake is identical to an issue raised in prior litigation; (2) the issue was actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action." In re Magnacom Wireless, LLC, 503 F.3d 984, 996 (9th Cir. 2007) (quoting Littlejohn v. U.S., 321 F.3d 915, 923 (9th Cir. 2003)). The United States Supreme Court has held that, in regard to claim preclusion, settlements are final judgments on the merits. Arizona v. California, 530 U.S. 392, 414 (2000). Although a settlement may be a final judgment on the merits for the doctrine of claim preclusion, settlement dismissals do not constitute a final judgment on the merits for the doctrine of issue preclusion. Inouye v. Kemna, 504 F.3d 705, 709 (9th Cir. 2007) (citing Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 (9th Cir. 2006) and Providence Health Plan v.

MEMORANDUM DECISION . . . - 6

1 McDowell, 385 F.3d 1168, 1174 (9th Cir. 2004)).

2 Although the distinction can be confusing, claim and issue preclusion are distinct judicial doctrines. Claim preclusion "prevents the relitigation of a claim previously tried and decided." Clark v. Bear Sterns & Co., Inc., 966 F.2d 1318, 1320 (9th Cir. 1992). Issue preclusion "bars the relitigation of issues actually adjudicated in previous litigation between the same parties." Id. Thus, one fundamental difference between claim and issue preclusion is that the latter requires actual litigation, while the former may apply in cases of settlements. In the prior adversaries, certain causes of action were actually litigated and certain others were resolved by settlement.

### a. Issue Preclusion

The cause of action in the prior adversaries based upon § 548 was resolved by settlement. Issue preclusion is not applicable to the analysis of that cause of action, as issue preclusion requires that the prior claim be "actually litigated." The first two causes of action in the prior adversaries based upon state law were actually litigated as they were resolved by summary judgment. Potentially, the doctrine of issue preclusion could prevent litigation of the state law cause of action in this adversary. Maciel v. C.I.R., 489 F.3d 1018 (9th Cir. 2007). An issue in the prior adversaries was whether Defendants Sarah Quinn or William Sandifur were directors of the corporation at the relevant time. It was determined that they were not directors. The issue of their status was determined in the prior adversary and is not a subject which can be relitigated in this adversary. However, that issue (i.e., their status as directors) is an issue, not a claim. Their status is irrelevant in this adversary, which alleges a claim against Defendant Sandifur that depends in part upon the issue of his status as a director.

In sum, issue preclusion is not applicable to this adversary as the issue of Defendant Sandifur's status as a director and other issues regarding his liability under RCW 23B.06.400 were not presented in the prior adversaries.

### b. Claim Preclusion

#### 1) Final Judgment

As explained above, the settlement of the prior adversaries satisfies this requirement.

#### 2) Identical Issue

The doctrine of claim preclusion prevents the relitigation of a claim previously tried or which

MEMORANDUM DECISION . . . - 7

could have been asserted in a prior suit between the same parties on the same cause of action. <u>Clark</u>, <u>supra</u>. For claim preclusion to apply, this adversary must contain the same claim presented in the prior adversaries. The first question is whether the claims in this adversary are the same as those determined in the prior adversaries.

In determining the identity of claims between two actions, the court looks at "whether the two suits arise out of the same transactional nucleus of facts." <u>Owens</u>, 244 F.3d at 714 (quoting <u>Frank v. United Airlines, Inc.</u>, 216 F.3d 845, 851 (9th Cir. 2000) (internal quotations omitted). The complaints against Sarah Quinn, William Sandifur, the LLC, and Defendant Sandifur seek to recover the same transfers, i.e., the stock dividend payments made by Metropolitan or its agent. The calculation of the recovery (i.e., the amount distributed) is not, however, the "claim" as that term is used in the doctrine of claim preclusion. The amount of the transfer may be the damage or the monetary recovery, but it is not the claim. Defendant Sandifur confuses the potential of duplicate recovery for the same loss with identical claims against identical parties. The second state law claim against Defendant Sandifur, as an officer, director, and person in control of Metropolitan, does not arise out of the same transactional nucleus as in the prior adversaries. Defendant Sandifur's liability on that state law claim will necessarily require evidence as to his status and his acts as a director of the corporation. That evidence would not have been relevant in the prior adversaries in determining liability under the § 548 causes of action or in determining the status and acts of those defendants as directors.

**3)   Parties in Privity**

The same parties are not present in this adversary as were present in the prior adversaries, but claim preclusion will apply if the parties in the adversaries are "in privity." The question is whether Defendant Sandifur is in privity with Sarah Quinn, William Sandifur or the LLC. "Privity – for the purposes of applying the doctrine of res judicata – is a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." <u>F.T.C. v. Garvey</u>, 383 F.3d 891, 897 (9th Cir. 2004) (quoting <u>In re Schimmels</u>, 127 F.3d 875, 881 (9th Cir. 1997))(internal quotations omitted). Further, privity is a flexible concept dependent upon the particular relationship between the parties in each individual case and it is the identity of interest that controls, not the identity of parties. <u>Id</u>. (citing <u>Virginia Sur. Co. v.</u>

MEMORANDUM DECISION . . . - 8

Northrop Grumman Corp., 144 F.3d 1243, 1247 (9th Cir. 1998)).

Privity may arise under many circumstances such as a contractual relationship, the succession by one party to another's interest during the course of the litigation, control of litigation by an unnamed party or where the non-party's interest was identical with the named party who adequately represented the unnamed party's interests. A determination of privity is a legal conclusion that the non-party is so identified with the named party as to the subject matter of the suit that the resolution of the suit must necessarily affect the non-party's rights and interests. U.S. v Schimmels, supra. As to the state law causes of action in the prior adversaries, there is no privity between Defendant Sandifur and the prior defendants, as a determination of whether those prior defendants were directors of Metropolitan has no effect on the determination of whether Defendant Sandifur is a director of Metropolitan. As to the cause of action based on § 548 in the prior adversaries, the analysis is less clear.

Privity requires "substantial idenity" between the parties. In re Hansen, 368 B.R. 868 (9th Cir. B.A.P. 2007). There is no functional relationship relevant to this controversy between the various stockholders of Metropolitan and the defendant as a director of Metropolitan. The stockholders of Metropolitan whose receipt of stock dividends gave rise to claims of voidable preference do not have interests identical to the directors of Metropolitan who authorized the dividends. In this adversary, Metropolitan brings claims against Defendant Sandifur based upon his status as director of Metropolitan. His rights and liabilities as a director were not relevant to the prior adversaries and were not affected by the resolution of the prior adversaries. The defendants in the prior adversaries had no reason to protect or affect the interests of Defendant Sandifur. Even though the various defendants are siblings or an LLC of which Defendant Sandifur is a member, that fact alone does not lead to privity. There is no evidence of collective actions on the part of family members to protect the family. There is no indication that Defendant Sandifur controlled the LLC's or the siblings' actions in the prior adversaries. In his capacity as a member of the LLC, Defendant Sandifur might have influenced the actions of the LLC, but to hold each member of an LLC as a party in privity for claim preclusion purposes would destroy the separate legal nature of the LLC. There is no evidence present to support such a result.

Resolution of the question of whether certain individuals received voidable transfers under § 548

MEMORANDUM DECISION . . . - 9

is not identical to a claim that voidable transfers were made to a different individual under § 548. The insolvency of Metropolitan at the time the stock dividends were distributed was an issue in the prior adversaries and may be an issue in this adversary. Insolvency is an issue under § 548, not a claim. That common issue, assuming the issue had been actually litigated, could give rise to issue preclusion, but not claim preclusion. The state law claims in this adversary differ greatly from the § 548 clams alleged against the other defendants in the prior adversaries and the parties are neither the same nor in privity. Therefore, claim preclusion is not applicable.

## Accord and Satisfaction

Defendant Sandifur's reliance on accord and satisfaction fails because the settlement agreements between Plaintiff and Sarah Quinn, William Sandifur, and the LLC are limited to those parties. The language of the agreement limits its binding effects to the relevant parties. As a result, the settlement agreements do not extend to Defendant Sandifur. See In re Miller, 81 Fed. Appx. 89 (9th Cir. 2003) (concluding that the settlement agreement did not preclude lawsuits against third parties that were not parties to the agreement).

## Necessary Party

Defendant Sandifur argues that he was a "necessary party" to the prior adversaries. Bankruptcy Rule 7019 renders Fed. R. Civ. P. 19 applicable to adversary proceedings. Fed. R. Civ. P. 19(a)(1) states:

**Rule 19. Required Joinder of Parties**

(a) PERSONS REQUIRED TO BE JOINED IF FEASIBLE.

(1) *Required Party*. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

    (A) in that person's absence, the court cannot accord complete relief among existing parties; or

    (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

        (i) as a practical matter impair or impede the person's ability to protect the interest; or

        (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

In the prior adversaries, one of the parties could have requested joinder of Defendant Paul Sandifur as a party to one or all of those adversaries. No party ever made such a request. If he was a necessary party to one or all of those adversaries, but was not joined, the remedy had to occur in those adversaries. The remedy provided in Fed. R. Civ. P. 19 is dismissal of the prior adversaries. There is nothing in the language of the rule which renders the failure to join a necessary party in the first litigation a defense to or grounds to dismiss the second litigation against the party not joined in the first litigation. Nor has Defendant Sandifur cited any authority for such a proposition.

## Applicability of 11 U.S.C. § 550(d)

Section 550(a) allows recovery of voidable or fraudulent transfers from an initial transferee, or from a mediate transferee. However, recovery is limited under § 550(d) "to only a single satisfaction under (a) of this section." A trustee may follow a voidable transfer of money or property along its path from the initial recipient to a mediate recipient to another mediate recipient, with each recipient being liable for repayment of the money or return of the property. Once the money is recovered, the trustee can no longer pursue other recipients in the path of transfers.

This Code section is merely a codification specifically applicable to voidable and fraudulent transfers of the federal common law rule which precludes a double recovery for loss or double recovery on a judgment. This section is a statutory codification of the equitable principle recognized by federal courts that even though more than one individual or entity is liable for monetary damages or loss, the person damaged may only recover once.

"The cases seem to support two propositions: (1) that a party wronged by a tort or breach of contract is entitled to be made whole, and (2) that a party may not recover more than once for the same wrong." Convoy Corp. v. Sperry Rand Corp., 601 F.2d 385, 388 (9th Cir. 1979).

In this situation, the plaintiff presumptively was damaged by the transfer of stock dividends to Sarah Quinn in the amount of $62,444, dividends to William Sandifur in the amount of $62,444, and dividends to the LLC in the amount of $24,000. As to those transfers, plaintiff is entitled to recover those amounts, but nothing in excess of those amounts. Regardless of whether the compensation for the loss is derived from Defendant Sandifur or someone else and whether the compensation for the loss arises under § 548 or state law, Plaintiff is not entitled to recover more than the actual loss resulting

MEMORANDUM DECISION . . . - 11

from those transfers.

    This leaves unresolved the questions of whether the amounts obtained by Plaintiff by way of settlement of the prior adversaries was compensation for these losses and the amounts of any set-off or credit against Plaintiff's claims against Defendant Sandifur. It is premature to reach any conclusion as to the calculation of any reduction of recovery against Defendant Sandifur. Only after a determination of liability and calculation of damages in this case, can the question of set-off be addressed.

## CONCLUSION

    An order will be entered dismissing Defendant Sandifur, as Trustee of the Trust, as no recovery against the Trust or the Trustee is possible. The motion to dismiss certain causes of action against Defendant Sandifur, individually, on the basis of claim or issue preclusion is **DENIED**. Nor do the other grounds for dismissal referenced in the motion justify a dismissal of Defendant Sandifur, individually. An order consistent with this conclusion will be entered.

*Patricia C. Williams*
**Patricia C. Williams**
**Bankruptcy Judge**

04/11/2008 10:10:32 AM

MEMORANDUM DECISION . . . - 12